**UNITED STATES of America,
Appellee,**

v.

**Ronald WASHINGTON, also known as Tenad, also known as Chris Gibbs, also known as Mark White, Defendant–Appellant.**

**No. 08–2246–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 2, 2009.

Emily Berger, Anthony M. Capozzolo, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Randall D. Unger, Bayside, NY, for Defendant–Appellant.

PRESENT: JON O. NEWMAN, B.D. PARKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant Ronald Washington appeals from his conviction in the United States District Court for the Eastern District of New York (Gershon, *J.* ) for (1) six counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; and (2) one count of conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951. We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues raised on appeal.

■ At trial, the district court allowed the government to introduce evidence of additional robberies not specifically

charged in the indictment. Washington argues that the introduction of this evidence, particularly the uncharged robbery of the Floral Park Motor Lodge, violated Federal Rule of Evidence 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

The evidence was properly admitted, not under Rule 404(b), but as direct evidence of the conspiracy between Washington and his co-conspirator. As we have previously stated, "[w]hen the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Thai,* 29 F.3d 785, 812 (2d Cir.1994). "An act that is alleged to have been done in furtherance of the alleged conspiracy is not an 'other' act within the meaning of Rule 404(b); rather it is part of the very act charged." *Id.* (alteration omitted); *see also United States v. Baez,* 349 F.3d 90, 93 (2d Cir. 2003); *United States v. Miller,* 116 F.3d 641, 682 (2d Cir.1997). All of the uncharged robberies occurred within the time frame of the charged conspiracy, which came to an end with the arrest of the defendant after the Floral Park Motor Lodge robbery.

■ Moreover, we disagree with the defendant that the evidence of the uncharged crimes, and the Floral Park Lodge robbery in particular, unduly prejudiced his robbery charge under Federal Rule of Evidence 403. The evidence presented of the Floral Park Lodge robbery was no more inflammatory than the other evidence the government produced for the robberies, such as the witness accounts of being held at gunpoint. Further, the district court properly provided limiting instructions that the three robberies not separately charged could be considered only with respect to the conspiracy count. "Absent evidence to the contrary, we must presume that juries understand and abide by a district court's limiting instructions." *United States v. Downing,* 297 F.3d 52, 59 (2d Cir.2002).

■ Next, Washington contends that the district court erred in not severing the Hobbs Act conspiracy count from the substantive robbery count. Federal Rule of Criminal Procedure 8(a) provides that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Washington contends that, if the counts had been severed, the government could not have used the conspiracy count "to open the door to the introduction of evidence regarding [Washington's] commission of the Floral Park Motor Lodge robbery." Def's Br. 32. Given the district court's instructions limiting the uncharged crimes evidence to the conspiracy count, however, we see no error in the district court's decision.

■ Finally, Washington argues that there was insufficient evidence at trial to prove a conspiracy between Washington and McDonald. Again, we disagree. Although Washington contends that the government lacked proof that McDonald purposefully participated in the conspiracy, the record provides sufficient evidence, through McDonald's testimony of how she assisted him in his robbery spree, for a jury to find evidence of purposeful behavior to further a conspiracy. *See United States v. Chang An–Lo,* 851 F.2d 547, 554 (2d Cir.1988).

For the foregoing reasons, we AFFIRM the judgment of the district court.